hWALTZER, Judge.
On 14 May 1999, numerous plaintiffs filed a Motion to Consolidate their action with another action in the same court. On the same date the trial court granted the motion without setting the matter for contradictory hearing. On 8 June 1999, defendant applied for supervisory jurisdiction arguing that the order consolidating the two actions did not comply with the requirement of LSA-C.C.P. art. 1561 mandating that such an order of consolidation be entered only “after a contradictory hearing.”
In response to the writ application, plaintiffs produced a copy of an order filed with the trial court on 4 June 1999 and setting Plaintiffs’ Motion to Consolidate for contradictory hearing on 25 June 1999. Plaintiffs argued in their response to the writ application that the 4 June 1999 order setting the motion for hearing renders this application moot.
LSA-C.C.P. art. 1561 provides that the trial court “may order consolidation of the actions for trial after a contradictory hearing.” In this matter, the trial court erred when it ordered consolidation of two separate actions before hearing the | ¡.motion. Plaintiffs argue that the subsequent order setting Plaintiffs’ Motion to Consolidate for hearing renders this application moot. However, this order does not rescind the order of consolidation, issued in violation of the explicit language of LSA-C.C.P. art. 1561.
For these reasons, we grant the application for supervisory writ. We vacate the order consolidating the actions in violation of LSA-C.C.P. art. 1561 and remand the matter for further proceedings consistent with this opinion.
WRIT GRANTED, ORDER VACATED, REMANDED.